# UNITED STATES DISTRICT COURT
District of Nevada

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| RONALD RICE | Case Number: 2:14-cr-00401-RFB-CWH |
| | USM Number: 49630-048 |
| | TODD LEVENTHAL, CJA APPOINTED |
| | Defendant's Attorney |

**Date of Original Judgment:** 7/27/2016
*(Or Date of Last Amended Judgment)*

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☑ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☑ pleaded guilty to count(s)   One, Two and Three of the Superseding Criminal Information filed 11/10/2015.
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2113(a) and 2 | Armed Bank Robbery | 1/21/2014 | 1 |
| 18 U.S.C. §§ 924(c)(1)(A) and 2 | Brandishing a FireArm | 1/21/2014 | 2 |
| 18 U.S.C. § 2113(a) | Armed Bank Robbery | 1/23/2014 | 3 |

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☑ Count(s)   All Remaining Counts   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/23/2017
Date of Imposition of Judgment

*/s/ signature/*
Signature of Judge

RICHARD F. BOULWARE, II          U.S. District Judge
Name and Title of Judge

8/23/2017
Date

DEFENDANT: RONALD RICE
CASE NUMBER: 2:14-cr-00401-RFB-CWH

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

Seventy-six (76) months as to Counts One and Three, to run concurrent to one another; Eighty-four (84) months as to Count Two, to run consecutive to Counts One and Three.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends to the Bureau of Prisons that the defendant be allowed to serve his term of incarceration at facility in the state of Colorado to be close to relatives.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　　☐ at _____ ☐ a.m. ☐ p.m. on _____ .

　　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☐ before 2 p.m. on _____ .

　　☐ as notified by the United States Marshal.

　　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C  (Rev. 06/17) Amended Judgment in a Criminal Case  (NOTE: Identify Changes with Asterisks (*))
Sheet 3 - Supervised Release

Judgment - Page 3 of 7

DEFENDANT:  RONALD RICE
CASE NUMBER:  2:14-cr-00401-RFB-CWH

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:  Three (3) years as to Counts One and Three; and Five (5) years as to Count Two; to run concurrent to one another.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663, 3663A, or any other statute authorizing restitution. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: RONALD RICE
CASE NUMBER: 2:14-cr-00401-RFB-CWH

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT: RONALD RICE
CASE NUMBER: 2:14-cr-00401-RFB-CWH

## SPECIAL CONDITIONS OF SUPERVISION

1. Substance Abuse Treatment - You shall participate in and successfully complete substance abuse treatment and/or cognitive based life skills program, which will include drug/alcohol testing and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in substance abuse treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

2. Alcohol Abstinence - You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants. However this will not apply to the accidental or incidental ingestion of alcohol.

3. Mental Health Treatment - You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

4. Access to Financial Information - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

5. No Contact Condition - You shall not have contact, directly or indirectly, associate with Hollee Raechel Johnston, or be within 500 feet of Johnston, her residence or business, and if confronted by Johnston in a public place, you shall immediately remove yourself from the area.

6. Reside in Residential Re-entry Center - You shall reside at and participate in the program of a residential re-entry center, for the first six months of release, as approved and directed by the probation officer.

7. Warrantless Search - You shall submit your person, property, residence, place of business and vehicle under your control to a search, conducted by the United States probation officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition

8. Possession of Weapons - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

9. True Name - You shall use your true name at all times and will be prohibited from the use of any aliases, false dates of birth, social security numbers, places of birth, and any other pertinent demographic information.

10. Life Plan – You shall be required to submit to the Court, at the Status Conference, a written life plan moving which will include an explanation of what type of work you expect to get, where you expect to live, how it is that you anticipate and expect to avoid the types of issues that you faced previously that led to you the conduct that's the basis for this offense.

11. Status Conference – You shall be required to attend a Status Conference before this Court upon your transition from the Bureau of Prisons.

12. Report to Probation Officer After Release from Custody - You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.
Print this

DEFENDANT: RONALD RICE
CASE NUMBER: 2:14-cr-00401-RFB-CWH

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| TOTALS | $ 300.00 | $ | $ [Waived] | $ 4,991.30 * |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| U.S. Bank |  | $2,513.44 |  |
| * Kathleen Laskowski |  | * $1,000.00 |  |
| * Farmer's Insurance |  | * $1,409.13 |  |
| * Kohl's |  | * $68.73 |  |
| (See attached) |  |  |  |
|  |  |  |  |
|  |  |  |  |

| TOTALS | $ 0.00 | $ * 4,991.30 |
|---|---|---|

☑ Restitution amount ordered pursuant to plea agreement $ *4,991.30

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for ☐ fine ☐ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: RONALD RICE
CASE NUMBER: 2:14-cr-00401-RFB-CWH

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☑ Lump sum payment of $ * 5,291.30 due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

It is recommended that any unpaid balance due and owing by defendant shall be paid at a rate of not less than $25.00 per quarter during defendant's incarceration. Upon commencement of defendant's supervision, payments shall be paid at a rate of 5% of any gross income earned, subject to adjustment by the Court based upon defendant's ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Joint and Several with HOLLEE RAECHEL JOHNSTON (Case # 2:14-cr-00195-GMN-PAL), $2,513.44

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

U.S. v. RONALD RICE
2:14-cr-00401-RFB-CWH
**Restitution List**

U.S. Bank Corporate Security        $2,513.44
Recovery and Restitution payments
PO Box 650
Milwaukee, WI 53278-0650

*Joint and several with any restitution imposed in United States v. Hollee Johnston, 2:14-cr-195-GMN-PAL.*

STEVEN W. MYHRE
Acting United States Attorney
District of Nevada
KATHRYN C. NEWMAN
Assistant United States Attorney
Nevada Bar No. 13733
501 Las Vegas Boulevard South, Suite 11000
Las Vegas, Nevada 89101
P 702-388-6336
F 702-388-5087
kathryn.newman@usdoj.gov

Counsel for Plaintiff United States

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:14-cr-401-RFB-CWH |
| Plaintiff, | STIPULATION TO MODIFY RESTITUTION ORDER |
| vs. | |
| RONALD RICE, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED, by and between STEVEN W. MYRE, Acting United States Attorney, and Kathryn C. Newman, Assistant United States Attorney, and the defendant Ronald Rice, and the defendant's attorney Todd Leventhal, Esq., that the judgment and conviction's restitution order be modified to include additional victims.

This Stipulation is entered into for the following reasons:

1. This case arose from a multi-state crime spree involving the defendant and his girlfriend, which culminated in a shoot-out with law enforcement in Ada County, Idaho.

2. As a result, the defendant and was charged by the Ada County, Idaho District Attorney of Theft by Receiving, Possession or Disposing of Stolen Property, Grand Theft, Burglary, Weapon- Unlawful Possession by Convicted Felon, and Malicious Injury. PSR 61.

2. On November 10, 2015, the defendant pleaded guilty before this Court to two counts of Bank Robbery and one count of Use of a Firearm in Violent Crime pursuant to a plea agreement. The plea agreement included an agreement on the part of the defendant to pay restitution to the banks in the underlying charges in the amount of $2,513.44. Dock. # 41. As part of plea negotiations, the Ada County District Attorney dismissed its charges against the defendant.

3. On July 7, 2016, this Court sentenced the defendant to seventy-six months in custody on Counts One and Three, to run concurrent to one another, and eight-four months in custody on Count Two, to run consecutive to Counts One and Three, and $2,513.44 in restitution to be paid to U.S. Bank. Dock. # 61.

4. On October 11, 2016, the Government learned that there were additional victims of the crime spree in Ada County. Specifically, the Government learned that Ada County District Attorney's Office had received requests for restitution based on the defendant's criminal conduct in that county from the following individuals, in the following amounts: (1) Kathleen Laskowski, $1,000, for her car and renter's insurance deductibles; (2) Farmer's Insurance, $1,409.19, for the covered portion of vehicle and renter's insurance claims paid out to Ms. Laskowski; and (3) Kohl's, $68.73, for unrecovered, stolen merchandise.

5. The defendant, having consulted with counsel, agrees to pay the additional $2,477.32 in restitution.

6. The defendant waives his appearance at a resentencing on restitution.

## CONCLUSION

Accordingly, the parties request that the Court modify the restitution order attached to the judgement of conviction pursuant to 18 U.S.C. § 3664(d), to include the additional victims and loss amounts to wit:

| | |
|---|---|
| Kathleen Laskowski | $1,000.00 |
| Farmer's Insurance | $1,409.13 |
| Kohl's | $68.73 |

Respectfully submitted,
STEVEN W. MYHRE,
Acting United States Attorney

8/23/17
Date

/s/ Kathryn C. Newman
KATHRYN C. NEWMAN
Assistant U.S. Attorney

8·23·17
Date

/s/ Todd Leventhal
TODD LEVENTHAL
Counsel for Defendant Ronald Rice

8/23/17
Date:

/s/ Ronald Rice
RONALD RICE
Defendant

3